ISAAC WILLIAMS & Co. v. A. DENNIS & Co.

(No. 2048, Op. Book No. 2, p. 560.)

APPEAL from Bell County.    Opinion by QUINAN, J.

§ **1233.** *Appeal from justice's court; parties only are entitled to; notice of appeal; intervention; justice may grant new trials, etc.* It is only to the parties to the final judgment rendered by the justice of the peace that the right of appeal is extended. Williams & Co. recovered a judgment against the Bell County Fair Association as garnishee. In that suit appellees were not parties. After the judgment was rendered, appellees made a motion to set it aside on the ground that they had filed an intervention in the suit, and had not been called when the case was tried. Their alleged intervention consisted of an affidavit and bond in accordance with the provisions of the statute for the trial of the right of property, claiming a portion of the debt owing by the garnishee to one Miller, the debtor of appellants, and this affidavit and bond were filed, not in the garnishment suit, but in a suit

entitled J. G. Miller v. The Bell County Fair Association. The justice of the peace refused to consider appellees as parties to the suit of Williams & Co. v. The Bell County Fair Association, and rendered judgment for Williams & Co. Appellees, after the adjournment of the justice's court, made a motion for a new trial, which was, in vacation, overruled, and they gave notice of appeal. In the county court appellants' motion to dismiss the appeal was overruled and judgment rendered for appellees. *Held,* 1. That appellees were not parties to the final judgment rendered by the justice of the peace in favor of appellants against the Bell County Fair Association, and had no right to appeal therefrom. Their claim affidavit and bond filed in another suit was not an intervention in this suit. The right to intervene in a suit is by leave of the court and upon notice to the parties. Here there was neither. Their motion for new trial did not make them parties to the suit. 2. The Revised Statutes have changed the law with regard to appeals from justices' courts. The notice of appeal, which is essential to give the county court jurisdiction, must be given in open court, *during the same term* at which the final judgment which is appealed from is rendered. The change of the law in this respect does not interfere with the power of the justice of the peace to set aside judgments by default, or dismissals, or grant new trials within ten days from the rendition of judgment. But the provision as to notice of appeal is imperative; it must be given during the same term in which the judgment was rendered. [R. S. 1639.] [Note.— This article of the Revised Statutes was very materially amended by act of April 13, 1883, and notice of appeal in the justice's court is no longer required. [Acts 18th Leg. chap. XCI, p. 91.] Reversed, and the appeal to the county court dismissed.

December 7, 1881.